77,638-08

Nkrumah Lumumba Valier
TDCJ-No. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

December 8, 2014

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

To: Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

cc: ABEL ACOSTA, Clerk
Court OF Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: Nkrumah Lumumba Valier v. The State OF Texas
Trial Court No. 1150625-D    WR-77,638-08

Dear Clerk:

Please Find enclosed and File Applicant's Newly Discovered Evidence Exhibit "A" And Brief In Support. Applicant had to File Motion For Leave To Amend Habeas Corpus Writ Cause no. 1150625-D By Adding Newly Discovered Evidence Exhibit "A" To Establish The Applicant's Actual Innocence And The State's Use OF False Evidence To Obtain Conviction In violation OF The Due Process Clause OF The Fourteenth Amendment. But the Court Failed to rule on that Motion or any Motions Filed pro se by the Applicant. A copy of that Motion For Leave was sent to Abel Acosta, Clerk Court OF Criminal Appeals, because the Applicant effort to File Newly Discovered Evidence Exhibit "A" was intentionall blocked by deny the Applicant Access To The Courts by TDCJ and Staff on Dalhart Unit. See Hoard v. Reddy, 175 F. 3d 531 (7th Cir. 1999).

Please bring this to the attention of the Courts and the Applicant request a written response From the Courts in this matter.

Thank you For any and all assistance in this matter.

Respectfully,
Nkrumah Lumumba Valier

# IN THE 183rd DISTRICT COURT
## OF HARRIS COUNTY, TEXAS

NKRUMAH LUMUMBA VALIER,
            Applicant

                                        CAUSE NO. 1150625-A
v.

    THE STATE OF TEXAS


## APPLICANT'S Newly DISCOVERED EVIDENCE EXHIBIT "A" AND BRIEF IN SUPPORT

---

Applicant Nkrumah Lumumba Valier was convicted of aggravated sexual assault and sentenced to Forty years imprison by a State of Texas court. The Applicant's rights under the Due Process Clause of the Fourteenth Amendment was violated by the State of Texas use of "False evidence" to obtain the Applicant's conviction in cause no. 1150625.

### Constitutional Violation

The Due Process Clause of the Fourteenth Amendment provides: No person shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person within its jurisdiction the equal protection of the laws. U.S.XIV § 1

### False Evidence

The State of Texas alleged in the indictment: Nkrumah Lumumba Valier here after styled the Defendant, there fore on or about May 16, 2005, did then and there unlawfully, intentionally and knowingly cause the penetration of the Female Sexual Organ

OF Tiffany Rogers, here in after called the Complainant, by placing his sexual organ in the female sexual organ of the Complainant, without the consent of the Complainant, namely, the Defendant compelled the Complainant to submit and participate by threatening to use violence against the Complainant, and the Complainant, believed that the Defendant had the present ability to execute the threat, and in the course of the same criminal episode the Defendant used and exhibited a deadly weapon, namely A firearm.

The State of Texas incriminated the Applicant by placing his name in the indictment without a positive identification from the Complainant, deprived the Applicant his rights to Due Process. Tiffany Rogers testified: Q. Now, I believe your testimony during direct examination was that he showed you some photos; is that correct? A. Yes, sir. Q. Where basically a photo show up where they show you six pictures, is that correct?, On a manilla folder? A. Yes. Q. Okay. Now, and you did'nt recognize any of the six in that photo array; is that correct? A. That's correct. Q. All right. Then he actually showed you a photo of Mr. Valier all by himself; is that correct? A. Uh-huh. Q. Maam? A. Yes, sir. Q. Okay. And you basically told him you did'nt recognize that man. You weren't familar with that man; is that correct? A. Yes, sir. (RR vol. 4, pg 62 at 5/24).

The State of Texas violated the Applicant's Constitutional rights under the Due Process Clause of the Fourteenth Amendment by placing his name in the indictment without a positive identification from the Complainant Tiffany Rogers that the Applicant was the man who actually committed the alleged sexual assault against her on May 16, 2005 using a gun. The actions of the State Prosecutor Craig Still deprived the Applicant is right to Equal Protection of the laws.

The State of Texas alleged the Applicant did not have consent and used a weapon to force Tiffany Rogers to participate. Tiffany Rogers testified she gave the Applicant consent: Q. Ms. Rogers, would you agree, Ms. Rogers, that the man -- well in this case, Mr. Valier you would agree, Ms. Rogers, that Mr. Valier, did'nt need a gun to have sex with you because you had already agreed to have sex; is that correct? A. Yes, sir. (RR vol. 4,

2

pg. 75-76 at 21/1). Consent negates the element of the crime or thawarts the harm that the law seek to prevent. See Model Penal Code § 2.11.

Newly Discovered Evidence Exhibit "A" in the form of a witness affidavit with information provided by Mr. El Johara McNeal #1587061, clearly established: 1). The Applicant's Actual Innocence. 2). The State's indictment information was false evidence. 3.) Tiffany Rogers Testimony evidence was false used to obtain the Applicant's conviction. 4.) That Tiffany Rogers was a prostitute he knew from Houston in early Febuary 2005. 5). Tiffany Rogers admitted it to him that She had sex with the Applicant then tried to hustle him out of $100.00 afterwards, but he refused to give her the money. Thus Mr. McNeal's information clearly demonstrates Tiffany Rogers did give the Applicant consent to have sex with her and no gun, threats, violence or force was used by the Applicant because the sex was consentual. See Herra v Collins, 506 U.S. 390 (1993), and Schlup v. Delo, 513 U.S. 298 (1995). To be entitled to relief on a "bare claim of innocence" the Applicant must show newly discovered evidence that constitutes "affirmative evidence" of the "Applicant's innocence". Once the Applicant provides such evidence, it is the appropiate to proceed with determination of whether the Applicant can prove by clear and convincing evidence that no reasonable juror would have convicted him in light of newly discovered evidence". This showing over come the presumption that conviction is valid and it must unquestionably establish Applicant's Innocence.

The State's use of "False evidence" to obtain the Applicant's conviction violated his rights under the Due Process Clause of the Fourteenth Amendment. See Napue v. Illinois, 360 U.S. 264, 269 (1959). The government may not knowingly use False of False evidence unsolicited by the State.

Constitutional Law § 840 - due process - False evidence

11. A conviction obtained through use of False evidence, known to be False such by representatives of the State, must fall under the 14th Amendment the same result obtains when the State, although not soliciting False evidence, allows it to go uncorrected when it appears.

3

2). The due process principle that a state may not knowingly use False testimony to obtain a tainted conviction does not cease to apply merely because the False testimony Goes only to the credability of the witness.

3). In applying the rule that a conviction obtained through use of False evidence known to be such by represenatives of the state and permitted by them to go uncorrected must Fall under the due process clause of the Fourteenth Amendment, it is immaterial that the silence of the state represenatives was not the result of guile or a desire to prejudice.

Newly Discovered Evidence Exhibits "B" and "C" clearly Supports Newly Discovered Evidence Exhibit "A" that False evidence was used to obtain the Applicant's conviction, supported by the record in the testimony of Tiffany Rogers. To mislead the jury to believe something she knew not to be true in order to paint a False picture of her character. See ALEJANDRO V. STATE, 725 S.W. 2d 510-513 (Tex. App. Houston (1st Dist.) 1987). When prosecution paint a False picture to jury. IF a Prosecutor Intentionally Misleads or Present a False Picture to the Jury, the Judgment must be or may be reversed. Also see Means.

The Applicant has proved, by a preponderance of the evidence, but For the violation of the United States Constitution no jury could have Found the applicant guilty beyond a reasonable doubt.

II.

The State Prosecutor's Malicious Misconduct violated the Applicant's Rights Under the Due Process Clause of the Fourteenth Amendment When The State used Illegal NASA Evidence To Obtain The Applicant's Conviction In violation of Art. 38.23. Evidence Not To Be Used.

Officer Keith McMurtry testified: Q. So the rape Kit was sent to be processed. About what date was that or what month and what year? A. Lets See. It was July 2005. Q. Was there anything Fruitful that

4

happened after the Kit was sent in? A. Yes, sir. Q. What was that? A. I learned the identity of the donor of the forensic evidence in that Kit. Q. Which would be? A. The Defendant in this case. Q. Whats his name? A. NKrumah Valier. (RR vol.4, pg 113 at 8/20).

The Applicant did not give consent in July 2005 to obtain his DNA for testing in cause no.1150625 or any rape kit. Nor did the trial Judge Jan Krocker in the 184th District Court issue any Court Order to obtain the Applicant's DNA in July 2005 for any testing. Newly Discovered Evidence exhibit "D" provided by Asst. Attorney General Melissa L. Hargis on March 19, 2014 clearly established that Judge Jan Krocker was the trial Judge in Cause no. 1150625 in the Respondent's William Stephens Motion For Summary Judgment and Brief in Support pages 11-12 Civil Action No. H-13-3257.

Art. 38.23. Evidence Not To Be Used

(a) No evidence obtained by an officer or other person in violation of any provisons of the Constitutions or Laws of the State of Texas, or of the Constitution or Laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue here under, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained inviolation of of this provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained. State v. Daugherty, 931 S.W.2d 268, 270 (Tex. Crim. App. 1996). "The language of Art. 38.23 plainly does not accomadate a doctrine of inevitable discovery. The inevitable discovery doctrine assumes a causal relationship between the illegality and the evidence. It assumes that the evidence was actually 'obtained' illegally. The doctrine then ask whether the evidence would have been obtained' eventually in any event by lawful means. The fact that evidence could have been 'obtained' lawfully anyway does not negate the fact that it was infact 'obtained' illegally. Under Art. 38.23 the inquiry regarding the possible legal attainment of evidence should never be reached. Once the illegality and it's causa connection to the evidence have been established, the evidence must be excluded". See also Henderson v. State, 82 S.W. 3d 750, 753 (Tex. App. - Corpus Christi 2002, pet. ref'd).

5

## Conclusion

The Applicant respectfully request that the Applicant's writ of habeas corpus be GRANTED, the Applicant has proved by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Respectfully submitted,
Nkrumah Lumumba Valier
Applicant, Pro Se

## Inmates Declaration

I, Nkrumah Lumumba Valier, TDCJ-No.1546714, being presently incarcerated at the Dalhart Unit, 11950 FM 998 Dalhart, Texas 79022, declare under penalty of perjury that the foregoing is true and Date Executed on: 12-8-14

Respectfully Submitted,
Nkrumah Lumumba Valier

## Certificate of Service

I, Nkrumah Lumumba Valier, TDCJ-No.1546714, the Applicant hereby declare that a clear and correct copy of this Motion was sent out pre-paid postage through U.S. Postal Services to be served on Chris Daniel Harris County District Clerk P.O. Box 4651 Houston, Texas 77210-4651 on the 8th day of December ,20 14 .

Respectfully submitted,
Nkrumah Lumumba Valier

Nkrumah Lumumba Valier
TDCJ-No.1546714
Applicant, Prose
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022